UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>               Plaintiff,<br><br>        - vs -<br><br>TY TY, LLC,<br>d/b/a 8 BALL SPORTS BAR AND GRILL,<br>and<br>NORMA LINDA DE LA CRUZ,<br><br>               Defendants. | CASE NO.:  6:20-cv-00094 |

**COMPLAINT**

      Plaintiff, JOE HAND PROMOTIONS, INC., by and through its attorney, as and for its Complaint against the Defendants, (1) TY TY, LLC, d/b/a 8 Ball Sports Bar and Grill, and (2) NORMA LINDA DE LA CRUZ, individually and as a member, manager, officer, and/or principal of Ty Ty, LLC (collectively, "Defendants"), upon information and belief, alleges as follows:

JURISDICTION AND VENUE

      1.     Jurisdiction is proper as this action arises under the copyright laws of the United States.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright) as this civil action is brought under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. and the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District and Defendants reside in this District.

## THE PARTIES

3. Plaintiff, JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business located at 407 East Pennsylvania Blvd., Feasterville, Pennsylvania 19053.  Plaintiff held the exclusive commercial distribution rights to the public exhibition of the audiovisual presentation of the broadcast of the *Ultimate Fighting Championship® 208: Holm vs. de Randamie* mixed martial arts match on February 11, 2017 including all undercard bouts and commentary (the "Program") for businesses such as the business made the basis of this case.

4. Defendant, TY TY, LLC

    a. is a domestic limited liability company organized under the laws of the State of Texas,

    b. conducts business in the State of Texas,

    c. may be served by serving its Registered Agent, Norma Linda De La Cruz at its registered office located at 5490 Leroy Parkway, West, Texas 76691,

    d. conducted business as "8 Ball Sports Bar and Grill" on the date of the Program, and

    e. owned, operated, maintained, and controlled the commercial establishment known as 8 Ball Sports Bar and Grill located at 1601 S. 29th Street, Beverly Hills, Texas 76711 (the "Establishment") on the date of the Program.

5. Defendant, NORMA LINDA DE LA CRUZ

    a. is an individual who resides in the State of Texas,

    b. may be served at 5490 Leroy Parkway, West, Texas 76691 or wherever found,

    c. operated, maintained, and controlled the Establishment on the date of the Program,

    d. was an owner of the entity owning and operating the Establishment on the date of the Program,

    e. was a member, manager, officer, and/or principal of the entity owning and operating the Establishment on the date of the Program,

    f. had a right and ability to supervise the activities of the Establishment on the date of the Program, and

    g. had an obvious and direct financial interest in the activities of the Establishment on the date of the Program.

## FACTS

6. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial/non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations. Since 2001, Plaintiff has been the exclusive domestic commercial distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

7. By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments like the Establishment throughout the United States. The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

8. By written agreement with the promoter of the Program, Plaintiff was granted the exclusive right to commercially distribute the audiovisual presentation of the Program to commercial establishments such as the Establishment.

9. By written agreement with the owner of the copyright of the Program, Plaintiff was granted the exclusive commercial domestic license to authorize the public display, 17 U.S.C. § 106(5), of the Program at commercial establishments such as the Establishment.

10. Plaintiff entered into subsequent agreements with various commercial establishments in the State of Texas that, in exchange for a fee, allowed them to exhibit the Program to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer, and transmit the Program to those establishments in the State of Texas.

11. The Program was legally available to the Defendants for exhibition in their Establishment only after paying a commercial license fee for the Program to Plaintiff, which fee was determined by the capacity of the Establishment. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial license fee to Plaintiff. Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream.

12. In an effort to avoid paying the proper commercial license fee to Plaintiff, methods used by commercial locations to unlawfully obtain the broadcast of the Program include, but are not limited to, the illegal misuse of cable and satellite service by: (1) intercepting and redirecting cable or satellite service from a nearby residence, (2) registering their business location as a residence, (3) physically moving a cable or satellite receiver from a residence to their business,

and/or (4) obtaining the Program in violation of the terms of their television service provider agreement.

13. By way of further example, commercial locations also exploited restricted online access to the Program in order to avoid paying the proper commercial license fee to Plaintiff. Individual consumers could stream the Program through a limited number of legitimate online distributors but only for *non-commercial use*. The website of each distributor carried clear language limiting use of an online stream to residential, personal, and/or non-commercial use only. Undeterred, commercial locations would purchase the Program for viewing on a personal device or in a residence, then proceed to link this device to the establishment's television screen(s) to unlawfully exhibit the Program commercially.

14. Upon information and belief, Defendants willfully engaged in one or more of the above illegal acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper commercial license. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Program at their Establishment was not authorized.

15. Upon information and belief, Defendants intentionally pirated or assisted in the intentional piracy of the Program for the sole purpose of their own economic gain. Defendants exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights.

16. Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program in the Establishment.

17. In addition, by virtue of her position(s) as it relates to the Establishment, Defendant, Norma Linda De La Cruz had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times.

18. As exclusive licensee and copyright assignee of the Program, as described above, Plaintiff has standing and capacity to bring this action in its own name against Defendants for violations of the Communications and Copyright Acts.

COUNT I: SATELLITE [47 U.S.C. § 605] AND CABLE [47 U.S.C. § 553] PIRACY

19. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

20. Upon information and belief, Defendants' exhibition of the Program was accomplished through the interception and/or receipt of a satellite signal or, in the alternative, through a cable signal.

21. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

22. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

23. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violate (in the alternative to the extent necessary) 47 U.S.C. §§ 605 or 553.

24. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorney's fees pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## COUNT II: COPYRIGHT INFRINGEMENT

25. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

26. Defendants' unauthorized public display of the Program through any means was in violation of 17 U.S.C. §§ 106 and 501.

27. Defendants' acts of infringement were not only willful, intentional, and purposeful, but also in complete disregard of and indifference to Plaintiff's rights. Defendants engaged in copyright infringement directly or with knowledge of the infringement intentionally inducing, encouraging, or materially contributing to the infringement.

28. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorney's fees pursuant to 17 U.S.C. § 505.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for the willful violation of 47 U.S.C. § 605 or, alternatively, for statutory damages, in the discretion of this Court, of up to the maximum amount of $60,000.00 for the willful violation of 47 U.S.C. § 553,

b.  for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to 47 U.S.C. § 553(c)(2)(C),

c.  for statutory damages, in the discretion of this Court, of up to the maximum amount of $150,000.00 pursuant to 17 U.S.C. § 504(c) for the willful violation of 17 U.S.C. § 501,

d.  for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. § 505, and

e.  for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

JAMIE KING, P.C.

*/s/ Jamie King*
Jamie King
Attorney-in-Charge
State Bar No. 24043755
P.O. Box 5757
Kingwood, Texas 77325
(832) 584-0106 Telephone
(888) 247-0443 Facsimile
jamie@jamiekingpc.com

ATTORNEY FOR PLAINTIFF,
JOE HAND PROMOTIONS, INC.